**NEEBARS, INC., Appellant,**

v.

**LONG BAR GRINDING, INC., Jerry Neely, and Joseph Kudron, Appellees.**

**No. 24654.**

United States Court of Appeals,
Ninth Circuit.

Feb. 8, 1971.

Keith D. Beecher (argued), of Jessup & Beecher, Los Angeles, Cal., for appellant.

Charles J. Schufreider (argued), of Miketta, Glenny, Poms & Smith, Los Angeles, Cal., for appellees.

Before KOELSCH, ELY, and KILKENNY, Circuit Judges.

PER CURIAM:

Under a Consent Decree, entered by the District Court on April 11, 1969, the appellees had been ordered to deliver to the appellant certain parts of a machine "for [appellant's] use in any way it sees fit * * *." Thereafter, when the appellees had delivered the parts to appellant in a damaged condition, the appellant moved that the appellees be ad-

judged in contempt and that it, the appellant, be awarded damages. Its motion was supported by two affidavits, one averring that the parts had once been in good condition while in custody of the appellees, and the other setting forth the fact that they were returned to the appellant in a damaged condition. Upon the basis of the motion and the supporting affidavits, the District Court ordered that the appellees should appear and show cause as to why they should not be held in contempt. The appellees appeared, and a hearing was conducted. After the hearing, the District Court concluded that it had not been established that the appellees had been contemptuous.

Our examination of the record convinces us that we have no choice save to affirm. The quoted portion of the Consent Decree cannot be equated with language which might have clearly required the return of the parts in a workable condition. There was no showing, either in the affidavits or by way of evidence, that at the time the Consent Decree was entered the parts were in a different condition than they were at the time of their return to the appellant. A court has, and should have, wide latitude in making a determination of whether there has been contemptuous defiance of its own orders.

Affirmed.