In re **DORADO MARINE, INC.,** Debtor.

No. 8:04–bk–16765–ALP.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 1, 2006.

David W. Steen, Tampa, FL, for Debtor.

***ORDER DISCHARGING ORDER TO SHOW CAUSE*** (Doc. No. 385)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THIS CAUSE came on for consideration pursuant to an Order to Show Cause (Doc. No. 385) issued by this Court based

on a Motion for Order to Show Cause (Doc. No. 376) filed by Keith Kollenbaum (Kollenbaum), which this Court granted in its Order to Show Cause. In the Motion for Order to Show Cause, Kollenbaum requested the entry of an order requiring Robert H. Lickert (Lickert), the principal and President of the Debtor, Dorado Marine (the Debtor), to show cause, if he had any, why he should not be held in contempt of this Court.

In his Motion, Kollenbaum alleges that Lickert violated an Order of this Court by depositing the proceeds of the sale of a boat into the Debtor's DIP account instead of paying it directly to Kollenbaum. Lickert contends that he was never ordered to pay the money directly to Kollenbaum and, therefore, cannot be held in contempt. The facts of this case, as established in the final evidentiary hearing held on September 28, 2005, are as follows.

The dispute between these parties began over the sale of a fishing boat. On August 7, 2002, prior to filing its bankruptcy case, the Debtor and Kollenbaum entered into an agreement under which Kollenbaum would purchase a 40' Nor' Easter sport fishing boat (the Boat) from the Debtor. The agreement was contingent on the Boat's satisfactory completion of a sea trial. Specifically, the Boat was to be able to maintain a top speed of 40 knots. Following problems with the Boat's performance at the sea trials, Kollenbaum refused to accept delivery of the Boat and demanded the return of the $148,418.00 he had paid for the Boat. The parties became involved in state court litigation. At some point, the Debtor entered into a purchase contract with TLB, Inc. (TLB) for the Boat.

On August 24, 2004, the Debtor filed its Chapter 11 case. On September 8, 2004, the Debtor commenced an Adversary Proceeding, Case No. 8:04–ap–00538. In its Complaint, the Debtor sought a determination by this Court of the extent, validity, and priority of interests in the Boat. Specifically, the Debtor sought a determination that Kollenbaum had no interest in the Boat so that it could be sold to TLB. On March 3, 2005, this Court entered its Findings of Fact, Conclusions of Law and Memorandum Opinion (Opinion) and Final Judgment, and decided that Kollenbaum had no interest in the Boat because he had rejected the contract and refused to take delivery of the Boat. However, this Court also decided that Kollenbaum was entitled to an equitable lien in the amount of $148,418.00, the amount that Kollenbaum had already paid toward the Boat's construction, on the net proceeds of the sale to TLB.

On March 9, 2005, Kollenbaum filed a Motion for Payment of Net Proceeds from Sale of the Boat (Doc. No. 222). On March 22, 2005, after the notice was given for the hearing on the Motion for Payment, but before the hearing was held, the Debtor received the remaining balance of $29,520.00 due under its purchase contract with TLB. On March 25, 2005, Lickert deposited these funds into the Debtor's DIP account. On April 27, 2005, the hearing on the Motion for Payment was held. It was not until May 18, 2005 that this Court entered its Order Granting Motion for Payment of Net Proceeds from Sale of the Boat (Doc. No. 326).

Kollenbaum contends that Lickert was aware of the equitable lien and that, by depositing the sale proceeds into the DIP account, Lickert violated an order of this Court. Lickert contends that this Court's order granting an equitable lien did not direct Lickert to pay Kollenbaum directly. Further Lickert argues that the money received from the boat's sale has already been spent on sales tax and the boat's completion. He contends that, after

spending the money, he was still "in the hole" and, therefore, there were no "net proceeds" to give to Kollenbaum. Kollenbaum responds by arguing that the boat had already been paid for and that Lickert has not provided evidence that the money went toward those costs.

■■■ This Court has the power to find a party in civil contempt. 11 U.S.C. § 105(a); *In re Krypton Broadcasting of Ft. Pierce, Inc.*, 181 B.R. 657, 663 (Bankr. S.D.Fla.1995). To be found in civil contempt, the offending party must have knowingly and willfully violated a definite and specific court order. *In re Alamo*, 239 B.R. 623 (Bankr.M.D.Fla.1999). Case law also makes it clear that the party seeking a finding of civil contempt must prove a violation of an order by clear and convincing evidence. *Krypton*, 181 B.R. at 663.

Kollenbaum relies on the language of the Opinion and the Final Judgment to establish the existence of a definite and specific order. In granting the equitable lien, the Opinion reads, "this Court is satisfied that allowing the Debtor to sell the Boat to TLB and keep the money paid by Kollenbaum would create a result that in fairness and justice should not be tolerated." [1] The Final Judgment orders that "Kollenbaum is entitled to an equitable lien in the amount of $148,418.00 on all net proceeds of any sale of the subject boat by the Debtor." [2]

■■ The language of the Opinion and the Final Judgment is not a sufficiently definite and specific order of this Court to constitute the underlying basis of a civil contempt finding. The Opinion and the Final Judgment merely establish Kollenbaum's right to an equitable lien; they do not specifically direct Lickert or the Debtor to pay any net proceeds of the sale to Kollenbaum. [3] The requirement that the Debtor pay the net proceeds of the sale was not established until May 18, 2005, when this Court entered the Motion for Payment Order. By this point, the Debtor had sold the Boat, and the case had been converted to a Chapter 7 case, so that Lickert had no control over the DIP account.

The language in the Opinion and Final Judgment is distinguishable from the mandate made by the court in *Jolly v. Pittore*, 170 B.R. 793 (S.D.N.Y.1994). In *Jolly*, the district court granted an application for the dissolution of several investment funds, and allowed the parties time to suggest nominees for the liquidating trustee. *Id.* Defendants' counsel asked for additional time, to which plaintiffs' counsel expressed concern that the defendants may attempt to file for bankruptcy. *Id.* The court then required that counsel represent to the court that the defendants would not do so. *Id.* When shortly thereafter the defendants did file for bankruptcy, the court held them in contempt for acting "with a deliberate purpose to disobey and frus-

1. Findings of Fact, Conclusions of Law and Memorandum Opinion, Adv. Proc. 8:04–ap–00538, Doc. No. 66, pp. 13–14.

2. Final Judgment, Adv. Proc. 8:04–ap–00538, Doc. No. 67, p. 2.

3. A Final Judgment entered by the consent of Peoples Bank, NA, Caterpillar Financial Services, and TLB, along with Kollenbaum the defendants in the Adversary Proceeding, ordered that the net proceeds of the sale of the

Boat be held in the trust account of the Debtor's counsel. Final Judgment as to Defendants Peoples Bank, NA, caterpillar Financial Services and TLB, Inc., Adv. Proc. 8:04–ap–00538, Doc. No. 56, p. 2. However, this Court granted Kollenbaum's Motion for Reconsideration directed at this consent final judgment, and the Amended Final Judgment as to Defendants Peoples Bank, NA, caterpillar Financial Services and TLB, Inc. did not contain this provision.

trate the order of this Court appointing the liquidating trustee." *Id.* at 796. In *Jolly,* the court was clear that the defendants were not to file bankruptcy, and that the sole purpose of doing so was to frustrate the order appointing a liquidating trustee. The order was definite and specific. In this case, prior to the Motion for Payment Order, there was simply no clear requirement that Lickert pay the net proceeds of the sale to Kollenbaum.

This Court is satisfied that Lickert cannot be held in civil contempt. At the time of Lickert's depositing the funds from the sale of the Boat to TLB, the Motion for Payment Order had not yet been entered nor had this Court held a hearing on the Motion for Payment. Therefore, there was no sufficiently definite and specific order of this Court violated by Lickert. Having considered the record and arguments of counsel, this Court is satisfied that the Order to Show Cause should be discharged.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that this Court's Order to Show Cause (Doc. No. 385) be, and the same is hereby, discharged.