**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLINOYD BROWN,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>ANTONIO VILLARAIGOSA, Mayor; et al.,<br><br>　　　　　Defendants - Appellees,<br><br>　And<br><br>HEIM, Sergeant, #21887, Erroneously Sued As Beth Heim; et al.,<br><br>　　　　　Defendants. | No. 13-56503<br><br>D.C. No. 2:06-cv-04169-SJO-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted December 10, 2015[**]
Pasadena, California

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　On consent of pro bono counsel, the panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON, CALLAHAN, and HURWITZ, Circuit Judges.

Plaintiff-appellant Flinoyd Brown, a California state prisoner, appeals from the judgment of the district court, following a jury verdict, entered on his 42 U.S.C. § 1983 complaint in favor of the defendant-appellees, members of the Los Angeles Police Department ("LAPD") and the Los Angeles Fire Department. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1**. Brown challenges the district court's refusal to appoint counsel. In *Palmer v. Valdez*, we stated:

> A district court's refusal to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) is reviewed for an abuse of discretion. Generally, a person has no right to counsel in civil actions. However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Neither of these considerations is dispositive and instead must be viewed together.

560 F.3d 965, 970 (9th Cir. 2009) (internal citations omitted). Nothing in the record indicates that Brown had a likelihood of success on his claims; he had been convicted of four counts of the assault that gave rise to his arrest. Moreover, there was nothing particularly complex about the factual and legal issues presented by the complaint. The district court did not abuse its discretion in denying the request for appointed counsel under these circumstances.

**2**. Brown claims that the district court abused its discretion by denying his motions to continue the trial. "The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion." *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). Here, the court reasonably moved forward with a trial date of August 13, 2013, after having stayed the case for one of the defendant LAPD officers to fulfill his reserve duties in Afghanistan. Brown made no showing why he needed extra time beyond the seven years that the case was pending. Although on appeal he contends that he needed the time to serve subpoenas, he did not raise this issue before the district court.[1]

**3**. Brown argues that the prison did not comply with the court's order to provide him access to his legal documents. On the eve of trial, the court denied Brown's motion for an order of contempt against the prison officials.

We review a district court's denial of a motion for contempt for an abuse of discretion. *See Ballo v. Idaho State Bd. of Corr.*, 869 F.2d 461, 464 (9th Cir. 1989). A district court "has, and should have, wide latitude in making a determination of whether there has been contemptuous defiance of its own orders." *Neebars, Inc. v. Long Bar Grinding, Inc.*, 438 F.2d 47, 48 (9th Cir. 1971). The

---

[1] The plaintiff's response to a question on cross-examination that "he was not in the position to [subpoena anyone]" did not sufficiently raise the issue before the court for preservation purposes.

district court did not abuse its discretion in this case. The court reviewed a sworn declaration from a ranking prison official that documented the efforts made by the prison to provide Brown more than the usual access to "legal property." The declaration also documented the few times Brown took advantage of this arrangement.

4. The district court did not abuse its discretion in arranging Brown's appearance by video feed. "A plaintiff in a civil suit who is confined in state prison at the time of a hearing has no absolute right to appear personally." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985). A court may deny a prisoner's request to appear at a civil trial for any number of reasons, including "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Wiggins v. Alameda Cty.*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (quoting *Ballard v. Spradley*, 577 F.2d 476, 480 (5th Cir. 1977)).

5. For the first time on appeal, Brown challenges the court's formulation of the jury instructions used to explain excessive force.[2] "We review the language and formulation of a jury instruction for an abuse of discretion." *United States v.*

---

[2]   He does *not* argue that the instruction was a misstatement of law.

*Garcia*, 768 F.3d 822, 827 (9th Cir. 2014) (quoting *United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014)).

Nothing about the challenged instructions, which quote substantively verbatim Model Instructions 9.18, 9.20 and 9.22, was inaccurate or misleading. Ninth Circuit Manual of Model Civil Jury Instructions §§ 9.18, 9.20, 9.22 (2007). Moreover, the assertion that Brown "had very little input in drafting the instructions" is belied by the record.

6. Brown claims that the district court "should have *sua sponte* excluded all witnesses from the courtroom pursuant to Federal Rules of Evidence, Rule 615." However, the rule that a "court must order witnesses excluded so that they cannot hear other witnesses' testimony" does not apply to a "party who is a natural person." Fed. R. Evid. 615. Here, the testifying witnesses were the defendants themselves.

7. Brown did not substantiate his claim that he was in need of, but was denied, medication that would keep him awake and functional during trial. The judge was in the best position to determine the credibility of Brown's medical complaint and was evidently convinced that a recess was not necessary under the circumstances. The decision to deny a recess was well within the court's discretionary power.

**8**.  Brown claims that, having handled the habeas writ arising from his criminal trial, the trial judge held a bias against him and could not fairly try his § 1983 action.  The argument is waived because it was not raised below, and, in any event, entirely speculative.

**9**.  Brown claims that he was denied due process because he did not receive the defense exhibits until after the trial was over.  The record does not bear out this claim, which in any event is waived because it was not raised before the district court.

The judgment is **AFFIRMED**.