**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UPPER LAKE POMO ASSOCIATION, <br><br> Plaintiff, <br><br> and <br><br> JESSICA JACKSON, <br><br> Movant-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA; DAVID L. BERNHARDT, Secretary of the Interior; CECIL ANDRUS, Former Secretary of the Interior; AMY DUTSCHKE; TROY BURDICK, <br><br> Defendants-Appellees, <br><br> and <br><br> ROGERS C.B. MORTON, <br><br> Defendant, <br><br> APRIL DIWALD, <br><br> Movant-Appellee. | No.  18-16764 <br><br> D.C. No. 4:75-cv-00181-PJH <br><br> MEMORANDUM[*] |

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted February 14, 2020
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and S. MURPHY,[**] District Judge.

Plaintiff-Appellant Jessica Jackson appeals the district court's denial of her motion to hold federal officials in civil contempt of the district court's 1979 Order Granting Partial Summary Judgment ("Order") and 1983 Order and Final Judgment on Claims for Declaratory and Injunctive Relief ("Judgment"). The Order and Judgment provided injunctive relief to members of the Upper Lake Pomo Indian Tribe after the federal government converted their trust lands to private property, in violation of substantive provisions of the California Rancheria Act, Act of Aug. 18, 1958, Pub. L. 85-671, 72 Stat. 619, as amended by the Act of August 11, 1964, Pub. L. 88-419, 78 Stat. 390. The Order and Judgment entitled Tribe members—including Jackson's mother, Amerdine Snow McCloud, now deceased—to convey their deeded lands back to the United States via the Secretary of the Interior ("Secretary") to be held in trust for the benefit of the Tribe, subject to certain conditions and procedural requirements discussed below.

---

[**] The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

The question presented in this appeal is not whether the Secretary's failure to restore McCloud's property to trust status violated the district court's Order and Judgment. It is whether Jackson has shown that, in denying McCloud's (and Jackson's) various requests to convey the property into trust, the Secretary (1) violated the Order and Judgment, "(2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation . . . , (4) by clear and convincing evidence." *Labor/Cmty. Strategy Ctr. v. L.A. Cty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (citation omitted). Furthermore, Jackson must show that the district court, in denying her motion, abused its discretion by "misapprehend[ing] the law or rest[ing] its decision on a clearly erroneous finding of a material fact." *Hallett v. Morgan*, 296 F.3d 732, 749 (9th Cir. 2002).

We hold that Jackson has not met her burden.[1] Her argument rests almost entirely on the first sentence of paragraph i. of the Judgment, which recognizes the Secretary's "continuing obligation to restore to trust status lands of the Upper Lake Rancheria . . . whenever possible." She largely ignores the subparagraphs that follow, which set forth conditions and procedures for *how* "[r]estoration of trust status shall be accomplished." But those subparagraphs are key here.

---

[1] Because the parties are familiar with the facts of this case, we do not discuss them at length here.

First, as the government points out, paragraph i.(3) of the Judgment expressly gives the Secretary authority, "[b]efore accepting any instrument of conveyance which has the effect of restoring trust status to lands within the Rancheria, . . . to approve or reject said instrument as to form." The district court found that "the government had reason to refuse each attempted conveyance," including due to unnotarized grant deeds, unpaid property taxes, McCloud's erroneous listing of the wrong Parcel, and, after McCloud's death, the state probate matter. Jackson provides no counterargument that the Secretary's refusals were based on something other than "a good faith and reasonable interpretation of the order." *Labor/Cmty. Strategy Ctr.*, 564 F.3d at 1123.

Second, paragraph i.(2) of the Judgment sets forth a one-year time limit for a Tribe member "to convey his or her interest to the United States, to be held in trust," and paragraph i.(5) vests authority in the district court to modify "[t]he time limits for restoring trust status to lands of the Rancheria . . . upon application of any party to this action showing good cause for such action[.]" It is undisputed that McCloud (1) failed to submit her desired grant deed within one year of the Judgment, and (2) never asked the district court for an extension of the one-year time limit for conveying her property to trust status.[2]

---

[2] Though the district court did not explicitly address this issue, we may affirm on "any ground supported by the record." *Thompson v. Paul*, 547 F.3d 1055, 1059 (9th Cir. 2008).

4

We therefore agree with the district court that McCloud's property was neither actively nor constructively restored to trust status before she died intestate in 2001. Once ownership of the property is determined by the state probate court, the rightful owner is free to request restoration of the property to trust status at that time. As the district court noted, "the government has represented repeatedly that, notwithstanding the one-year limitation provided by the 1983 Order, it will accept the Parcel into trust if petitioned to do so by its owners, once the state identifies the true owners." The district court also stated that it "will hold the government to that promise."

Jackson presents a sympathetic case. However, in light of the civil contempt standard, the plain text of the Order and Judgment, and the district court's "wide latitude in making a determination of whether there has been contemptuous defiance of its own orders," *Neebars, Inc. v. Long Bar Grinding, Inc.*, 438 F.2d 47, 48 (9th Cir. 1971), Jackson cannot show that the district court abused its discretion in declining to hold federal officials in contempt. Accordingly, we AFFIRM.